UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT FEKERIS,

     Plaintiff,


-vs-

                            CASE NO.:

SYNCHRONY FINANCIAL,

     Defendant.

_____/


**COMPLAINT AND DEMAND FOR JURY TRIAL**

     COMES NOW Plaintiff, Robert Fekeris, by and through the undersigned counsel, and sues Defendant, Synchrony Financial, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").


**INTRODUCTION**

     1.    The TCPA was enacted to prevent companies like Synchrony Financial from invading American citizen's privacy and prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016."   https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

7.      The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

9.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10.     Plaintiff is an "alleged debtor."

11.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant is a corporation with its principal place of business located in Stamford, CT, which conducts business in the State of Florida.

13.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     Synchrony Financial is a "creditor" as defined in Florida Statute §559.55(5).

15.     Synchrony Financial called Plaintiff on Plaintiff's cellular telephone number hundreds of times in an attempt to collect a debt.

16.     Synchrony Financial attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     On a daily (or almost daily) basis, Synchrony Financial left Plaintiff calls that included a "pre-recorded message" or an "artificial voice" as defined by the TCPA.

18.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (727) ***-2209 and was the called party and recipient of Defendant's calls.

19.     Defendant placed an exorbitant number of calls to Plaintiff's cellular telephone (727) ***-2209 in an attempt to collect on a loan.

20.     On several occasions Plaintiff asked Defendant to cease and desist calling Plaintiff's cellular telephone.

21.     Despite this, Defendant continued to call Plaintiff at a rate of three calls per day on back-to-back days.

22.     Not a single call placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

23.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

24.     From each and every call placed without consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

25.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from calls.

26.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by sleeplessness, anger, frustration, worry, and embarrassment.

## COUNT I

### (Violation of the TCPA)

27.     Plaintiff fully incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the pre-recorded/artificial voice calls made to Plaintiff's cellular telephone after Plaintiff notified that he wished for the calls to stop.

29.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an prerecorded and/or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT II</u>

### (Violation of the FCCPA)

30.     Plaintiff fully incorporates and realleges paragraphs 1 through 26 as if fully set forth herein

31.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

32.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or his or her family (three calls on an almost daily basis after several requests to "stop calling.")

6

33.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

34.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

_/s/ Frank H. Kerney, III, Esq._
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MJones@forthepeople.com
_Counsel for Plaintiff_